MOORE, Judge,
concurring in part and concurring in the result.
I agree that the Tuscaloosa Juvenile Court (“the juvenile court”) did not commit reversible error in finding that there was no viable alternative to a termination of the parental rights of K.J. (“the mother”). I point out that, generally speaking, the time and place for assessing viable alternatives to the termination of parental rights is at a permanency hearing conducted no later than one year after the date the child is first placed into foster care. See § 12-15 — 62(c), Ala.Code 1975; see also A.D.B.H. v. Houston County Dep’t of Human Res., 1 So.3d 53, 68 (Ala.Civ.App.2008) (Moore, J., concurring in part and concurring in the result). The evidence shows that the Tuscaloosa County Department of Human Resources (“DHR”) identified a possible viable alternative placement for the family in a group home in Birmingham at some point before it filed the petitions to terminate parental rights and that DHR discussed that option with the mother in January 2007. That conversation would have taken place about four months after the one-year permanency-hearing deadline. The evidence is vague as to whether DHR *977 should have known of that option earlier. At any rate, in such circumstances, when a potential viable alternative arises after the date of the permanency hearing, the juvenile court should hold a separate permanency hearing as soon as possible to determine if the suggested alternative is indeed viable — i.e., that it is feasible and serves the best interests of the child at issue to avoid the termination of parental rights— so that the permanency plan can be appropriately amended. See A.D.B.H., supra; see also T.V. v. B.S., 7 So.3d 346, 35-52 (Ala.Civ.App.2008). Following that procedure would have prevented the mother from bringing up the issue at the last minute in the termination-of-parental-rights hearing.
I concur in the result regarding that part of the opinion addressing the mother’s argument that § 26 — 18—7(a) (2), Ala. Code 1975, violates 42 U.S.C. § 12132, a part of the Americans With Disabilities Act (“the ADA”). As I understand her argument, which is sparse at best, the mother initially claims that § 12132 prohibits a state from terminating parental rights on the basis of a mental disability alone.[3] Assuming, without deciding, the validity of that contention, it does not avail the mother because § 26 — 18—7(a)(2) does not allow a juvenile court to terminate parental rights based solely on the presence of a mental disability.
By statute, a juvenile court may only terminate parental rights for two reasons:
“If the court finds from clear and convincing evidence, competent, material, and relevant in nature, [ (1) ] that the parents of a child are unable or unwilling to discharge their responsibilities to and for the child, or [ (2) ] that the conduct or condition of the parents is such as to render them unable to properly care for the child and that such conduct or condition is unlikely to change in the foreseeable future .... ”
§ 26 — 18—7(a), Ala.Code 1975. In determining whether the first statutory ground exists, the juvenile court must consider:
“Emotional illness, mental illness or mental deficiency of the parent, or excessive use of alcohol or controlled substances, of such duration or nature as to render the parent unable to care for needs of the child.”
§ 26-18-7(a)(2), Ala.Code 1975. Just reading the language of the statute reveals that a juvenile court may terminate the parental rights of a parent on the basis of a mental deficiency only if that mental deficiency is so long-standing or severe as to render the parent unable or unwilling to discharge his or her parental duty to meet the child’s various needs. A juvenile court does not discriminate against a parent on the basis of his or her mental disability by terminating parental rights when that mental disability prevents the parent from discharging his or her parental responsibilities as proven by clear and convincing evidence. To the contrary, such a judgment would treat the mentally disabled parent exactly like any other parent who is unable to meet his or her parental obligations for reasons other than a mental disability.
The mother next contends that § 26-18-7 violates the ADA by failing to require *978 that efforts at reunification “be tailored to the handicapped person’s needs.” Except in cases of aggravating circumstances that are not pertinent to this case, the state has a duty to use “reasonable efforts” to reunite a child with his or her parent after the child is removed from the parent’s home. See Ala.Code 1975, § 12-15-65(g)(3) & (m). In H.H. v. Baldwin County Department of Human Resources, 989 So.2d 1094, 1098 (Ala.Civ.App.2008) (lead opinion authored by Moore, J., with Thompson, P.J., and Bryan, J., concurring in the result and Pittman and Thomas, JJ., dissenting), the lead opinion held that “reasonable efforts” requires the state, among other things, “to develop a reasonable plan with the parent that is tailored toward the particular problem(s) preventing the parent from assuming a proper parental role.” 989 So.2d at 1105. In the case of a mentally disabled parent, when considering whether “reasonable efforts by the Department of Human Resources or licensed public or private child care agencies leading toward the rehabilitation of the parents have failed,” § 26-18-7(a)(6), a juvenile court naturally must consider, among other things, whether the Department of Human Resources has developed a reasonable reunification plan tailored towards the parent’s mental disability. By judicial construction, § 26-18-7 already contains the requirement the mother claims has been omitted.
Based on the foregoing, I agree that § 26-18-7 does not violate the ADA and that the juvenile court did not commit reversible error by rejecting that argument.

. The mother also argues that § 26-18-7(a)(8), Ala.Code 1975, which requires juvenile courts to consider “[tjhat parental rights to a sibling of the child have been involuntarily terminated,” violates the ADA by allowing a juvenile court to terminate a mentally disabled parent’s parental rights on the basis of a prior termination alone. The mother misconstrues the law on that point in the same manner in which she misconstrues § 26-18-7(a)(2); however, I do not believe that we can consider that argument because the mother has failed to show how § 26-18-7(a)(8) applies to her case.